IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:15-CV-88-D

DONALD L. MORRISON,            )
                               )
            Plaintiff,         )
                               )
        v.                     )        **ORDER**
                               )
WAYNE R. MYERS, et al.,        )
                               )
            Defendants.        )

On March 5, 2015, Donald L. Morrison ("Morrison" or "plaintiff"), proceeding pro se, filed a "motion for review" [D.E. 1] together with a civil cover sheet [D.E. 1-1], and tendered the filing fee for commencing a civil action in federal court. On March 9, 2015, the clerk issued summonses [D.E. 3]. On January 8, 2016, defendants filed a motion to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) [D.E. 7]. Pursuant to Roseboro v. Garrison, 528 F.2d 309, 310 (4th Cir. 1975) (per curiam), the court notified Morrison about the motion to dismiss, the consequences of failing to respond, and the response deadline [D.E. 10]. Morrison did not file any response in opposition to the motion to dismiss, and the time within which to do so has expired. As explained below, the court dismisses the action for lack of subject-matter jurisdiction.

The court begins by reciting the relevant background concerning Morrison's claims. On November 22, 2002,

> [f]ollowing a jury trial, Donald Morrison was convicted of conspiracy to defraud the United States, in violation of 18 U.S.C. § 371; fifteen counts of making false statements and aiding and abetting, in violation of 18 U.S.C. §§ 1001, 2; seven counts of mail fraud and aiding and abetting, in violation of 18 U.S.C. §§ 1341, 2; using, transferring, acquiring, and possessing food stamps in an unauthorized manner and aiding and abetting, in violation of 7 U.S.C. § 2024(b) and 18 U.S.C. § 2; and

> conversion of food stamps, in violation of 18 U.S.C. §§ 641, 2. Morrison was conditionally released pending his sentencing hearing. Before sentencing, Morrison fled the jurisdiction, and thus failed to appear for his scheduled sentencing hearing on April 25, 2003. Morrison was not located and arrested until December 2005. He was indicted for failure to appear on April 5, 2006, and on March 27, 2007, a jury found Morrison guilty of knowingly failing to appear at his April 25, 2003 sentencing.
>
> Morrison's fraud and failure to appear convictions were consolidated for sentencing. The district court sentenced Morrison to twenty-one months on each of the twenty-five counts of fraud, to be served concurrently and six months to be served consecutively for failing to appear. Morrison was ordered to pay a $50,000 fine, $26,988 in restitution, and a $2600 special assessment.

United States v. Morrison, 333 F. App'x 741, 742 (4th Cir. 2009) (per curiam) (unpublished). On June 18, 2009, the United States Court of Appeals affirmed Morrison's convictions and sentence. Id.

Morrison has repeatedly filed civil actions in this court seeking "to hold the named defendants civilly liable for the alleged wrongdoings that lead to his conviction." Morrison v. Myers, No. 7:14-CV-85, 2015 WL 72129, at *1 (E.D.N.C. Jan. 6, 2015) (unpublished), aff'd, 611 F. App'x 146 (4th Cir. 2015) (per curiam) (unpublished). On January 6, 2015, Senior United States District Judge W. Earl Britt dismissed Morrison's third such complaint as barred by the doctrine of res judicata. Morrison, 2015 WL 72129, at *4–5. Morrison's most recent filing contends that Judge Britt "failed to respond to the Plaintiff list of serious legal errors" and seeks "review by the Federal Court for identifying all reversible errors for the purpose of obtaining a new trial or overturning the Court decision of guilty after trial in November 2002." [D.E. 1] 1, 9.

Defendants assert that the court lacks subject-matter jurisdiction over Morrison's complaint. See Mem. Supp. Mot. Dismiss [D.E. 9] 4–5. A federal court first "must determine that it has subject-matter jurisdiction over the case before it can pass on the merits of that case." Constantine v. Rectors & Visitors of George Mason Univ., 411 F.3d 474, 479–80 (4th Cir. 2005).

2

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(1) tests subject-matter jurisdiction, which is the court's "statutory or constitutional power to adjudicate the case." Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 89 (1998) (emphasis omitted); see Holloway v. Pagan River Dockside Seafood, Inc., 669 F.3d 448, 453 (4th Cir. 2012). Because Morrison asserts that this court has subject-matter jurisdiction, he must prove that subject-matter jurisdiction exists. See, e.g., Steel Co., 523 U.S. at 104; Evans v. B.F. Perkins Co., 166 F.3d 642, 647 (4th Cir. 1999); Richmond, Fredericksburg & Potomac R.R. v. United States, 945 F.2d 765, 768 (4th Cir. 1991). In considering a motion to dismiss for lack of subject-matter jurisdiction, the court may consider evidence outside the pleadings without converting the motion into one for summary judgment. See, e.g., Evans, 166 F.3d at 647.

In analyzing a motion to dismiss under Rule 12(b)(6), a court must determine whether the complaint is legally and factually sufficient. See Ashcroft v. Iqbal, 556 U.S. 662, 678–79 (2009); Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555–56 (2007); Giarratano v. Johnson, 521 F.3d 298, 302–04 (4th Cir. 2008). A court need not accept a complaint's "legal conclusions, elements of a cause of action, and bare assertions devoid of further factual enhancement." Nemet Chevrolet Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 255 (4th Cir. 2009); see Iqbal, 556 U.S. at 678–79. Similarly, a court "need not accept as true unwarranted inferences, unreasonable conclusions, or arguments." Giarratano, 521 F.3d at 302 (quotation omitted); see Iqbal, 556 U.S. at 678–79.

Defendants argue that res judicata precludes subject-matter jurisdiction and bars Morrison's claims. See Mem. Supp. Mot. Dismiss [D.E. 9] 4–5. Under the doctrine of res judicata, "a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action." Pueschel v. United States, 369 F.3d 345, 354 (4th Cir. 2004) (quotation and alteration omitted); see Montana v. United States, 440 U.S. 147, 153

3

(1979). As the Fourth Circuit explained:

> [T]he preclusive [e]ffect of a prior judgment extends beyond claims or defenses actually presented in previous litigation, for not only does res judicata bar claims that were raised and fully litigated, it prevents litigation of all grounds for, or defenses to, recovery that were previously available to the parties, regardless of whether they were asserted or determined in the prior proceeding.

Pension Benefit Guar. Corp. v. Beverley, 404 F.3d 243, 248 (4th Cir. 2005) (quotation omitted). The doctrine "encourages reliance on judicial decisions, bars vexatious litigation, and frees the courts to resolve other disputes." Pueschel, 369 F.3d at 354 (quotation omitted).

In order to conclude that a prior judgment bars a new action a court must find: "(1) a final judgment on the merits in a prior suit, (2) an identity of the cause of action in both the earlier and the later suit, and (3) an identity of parties or their privies in the two suits." Beverley, 404 F.3d at 248 (quotations omitted). "The determination of whether two suits arise out of the same cause of action . . . does not turn on whether the claims asserted are identical. Rather, it turns on whether the suits and the claims asserted therein arise out of the same transaction . . . or the same core of operative facts." Pueschel, 369 F.3d at 355 (quotation omitted).

Res judicata is an affirmative defense, not a limit on subject-matter jurisdiction. See, e.g., Clodfelter v. Republic of Sudan, 720 F.3d 199, 209 (4th Cir. 2013); Laber v. Harvey, 438 F.3d 404, 426 n.22 (4th Cir. 2006) (en banc). Accordingly, the court denies defendants' motion under Rule 12(b)(1). Nonetheless, as an affirmative defense, the court may consider the defense under Rule 12(b)(6). Here, the parties are identical, the claims are identical or arise out of the same transaction as the prior federal claims, and Morrison fully litigated the claims and lost. Thus, res judicata bars Morrison's claims.

In sum, the court GRANTS defendants' motion to dismiss [D.E. 7] and DISMISSES this action against all defendants for failure to state a claim. The clerk shall close the case.

4

SO ORDERED. This _5_ day of August 2016.

                                                    JAMES C. DEVER III
                                                   Chief United States District Judge